24-9.5 Ms. Bomfetter, you reserved two minutes, is that correct? Yes, thank you. Please. Thank you. May it please the court, Sarah Bomgartel of the Federal Defenders on behalf of John Bradley. This court should vacate the judgment that was entered against Mr. Bradley because it was made by a judge who lacked the lawful authority to enter it. Judge Sullivan, Judge Richard. Is this your understanding that this would be the first case of its kind to rule that 291B is unconstitutional? I'm not asking the court to rule that 291B is unconstitutional. There are many judicial designations that are lawful, but this designation is not one of them. This is an extremely unique designation. It's unique in its scope, in its duration, and in its continuity. The government has not cited a designation that has persisted for this length of time. The longest designation that the government cites is for one year. Judge Sullivan has been designated continuously to a separate principal office for six years. This designation is also, so that's the duration. It's also unique in its scope. As Judge Sullivan reports on his individual rules, he maintains a, quote, sizable district court docket. And so this is not an example of a judge who has been designated to hear a particular case or for a particular circuit sitting. This is a judge who has been designated to a separate principal office to maintain a full docket, essentially, on that office, in that office for six years. Continuity. Counsel, when he ruled on the supervised release violation, wasn't that within a one-year designation? No. Was it? No, Your Honor. I am sure the case spanned from 2023 to 2024. And so it at least hit two of the designation orders. But there's also a third designation order that began in 2018 and has never been revoked. There might be, but we're talking about whether the supervised release violation was lawful, aren't we? Well, we're talking about whether Judge Sullivan's designation to Mr. Bradley's case was lawful. And that at least spanned two designation orders because he was actively, actually three, because he was actively overseeing his supervision, though it didn't, there was no lawyer involved. Why should we be concerned with any designation other than the one when he found your client in violation? Well, so if you're looking at those, those are, there are three designations that reach that. Because there's one that goes from 2018 to the present that's never been revoked. There's one that covered the year of 2000. Why do we care about that one if that didn't cover the violation? That did, Your Honor, because the violation was in 2023 and then it continued through 2024. So it hits the three. Well, that doesn't have anything to do with 2018. He was violated in 2023, wasn't he? Yes, that's when the violation petition was filed. Wasn't there a one-year designation at that time? Your Honor, it's not only one year. The designation has been continuous. It may not be only, but as far as your client is concerned, it was one year. Well, it was two years because it was also the 2024 designation. So Mr. Bradley had the violation of supervisory release banned from 2023 to 2024, and that's two of the designation orders. So, but Your Honor, you also, if you're looking at the lawfulness of this designation, the court can't ignore the fact that it has been a continuous designation since 2018. If you're looking at whether the designation constitutes a, quote, what the statute requires and what the constitutional appointment clause requires, something that lasts from 2018 and continues indefinitely into the future does not mean any plausible definition of the word temporary. And that is the reality of this designation. But is there anything about why is that six-year period perpetual or indefinite? Right, because it's at least bounded by business that he has already undertaken, right? So, no. The one-year designation is an open end. It's a designation to the district court, and then it says he can continue on the court for as long as his business is unfinished. That is entirely indefinite and open-ended. The government says that the only meaning of the word temporary in the statute is to distinguish this from a regular Article III appointment, which lasts until a judge's death or retirement. That is effectively how long Judge Sullivan's appointment to the district court is lasting, because there is no definition on when his business will be finished. And so the government's argument— I don't understand how you get to challenge any designation other than the one that affects your client. Your Honor, so all of these— You seem to want to police the entire designation process, whether it affects your client or not. Well, Your Honor, Mr. Bradley first went on to supervised release and was being actively supervised by Judge Sullivan in 2020. So that was after Judge Sullivan left the district court and during the period of the first designation order. And so Mr. Bradley has had his case overseen by Judge Sullivan in the supervision context from 2020 through 2024. So all three of those orders affected him personally. During that time, Judge Sullivan was issuing directives to the Probation Department about what to do with Mr. Bradley. Part of that involved requiring him to participate in particular programming. Judge Sullivan also directed the district court to bring a violation— I'm sorry, the Probation Office to bring a violation against Mr. Bradley. So all three of the orders did affect him. The orders do not meet any plausible definition of temporary, and this designation is unlawful. I see that my time has— I take it you don't dispute that he had this case initially as a district judge? Correct, in 2014. And why is it not bound, like an unfinished business bound? So Frad V. Kelly from the Supreme Court addresses this. A criminal case is completed when the defendant is sentenced. Later alterations to supervised release or to supervision are new matters that are not a continuation of the old case. Before you sit down, and I think you've got a good minute and a half, can you talk to me about DOCA and Hayman? About—oh, yes, about supervised release, yes. So the government argues that this issue is foreclosed by circuit precedent, that they acknowledge that the specific statute is not one that this court has addressed. So based on the Supreme Court's decision in Hayman, our contention is that Mr. Bradley was entitled under the Fifth and Sixth Amendments to have a jury determination and a beyond-a-reasonable-doubt standard with respect to supervised release. Can you engage with DOCA? Didn't we say that E3 survives Hayman? Yes, Your Honor, yes. Our argument is that under Justice Breyer's opinion in Hayman, the supervised release violation here had all the characteristics that make it more akin to punishment for new criminal conduct, including increasing the range of statutory penalties, in fact increasing the statutory maximum term that Mr. Bradley could be required to serve on supervised release, and imposing a new mandatory minimum where none existed before. So which of those do you think is most applicable here? I mean, it doesn't have a high mandatory minimum, right? It's five years. It does take away discretion for what the judge can decide to imprison, and the possibility of crimes. Your Honor, it has a new mandatory minimum, which is there is a new, it was a prior 922G conviction which has no mandatory minimum, but once a violation is found in a particular class of offenses, the court is required to impose some prison term. I'm not aware, and the government has not identified any Sixth Amendment precedent that says a mandatory minimum only counts when it's particularly high. It's true that Justice Breyer talked about the severity of the penalty in Hayman, but the actual discussion was about the fact that it imposed a new mandatory minimum. And just with respect to the designation, I just want to emphasize again that this is a unique designation, and the government has not cited any precedent that comes close to the scope and duration. I'm sorry, it sounds like my colleague wants more. Just to be clear, you are not making any claim that the statute is unconstitutional, correct? That's correct. What I'd say is that if So your claim is the statute has been violated? Yes. Okay, thank you. Please.  Good morning. May it please the court, I am Nathan Wren, and I represent the government in this appeal. The designation orders at issue in this case are consistent with more than a century of practice in the federal courts, and the appellant is asking this court to discard that long-standing practice based on arguments that are not supported by the text of the Constitution, the relevant statutes, or any prior precedent. It appears Can you say to the response that this is uniquely long or uniquely indefinite? So I think in response to that, I would pick up on the questions that were asked by Judge Newman in reference to the actual designation orders on which Judge Sullivan relied in imposing the sentence in this case. So there was a designation order entered in 2023 that authorized Judge Sullivan to sit by designation for the period from January 1st through December 31st, 2023. The violation of supervised release arose in November of that year. So to the extent, even if there was some issue with the unfinished business language in those designation orders, and the government submits that there wasn't, it just wasn't implicated in this case. And then when Judge Sullivan imposed sentence in 2024, at that point in time, there was a new designation order that had been put in place also authorizing Judge Sullivan to sit for that calendar year. So again, all of the arguments that are raised in the briefs about this unfinished business issue actually aren't even implicated by this case, and the Court doesn't need to reach those questions to recognize that the orders here are straightforward in their application in this case, and there's nothing unprecedented about them. In fact, we cite about two pages' worth of decisions in which judges in this circuit have been sitting by designation pursuant to similar designation orders dating back to at least the 1970s. We cite also a Supreme Court case from 1926 that authorized a circuit judge to sit by designation in the district court using exactly the same language that's at issue in these designation orders, and the Supreme Court affirmed in that case. That's Donegan v. Dyson, 269 U.S. 41. If for the next 40 years Judge Sullivan was designated for a year, and every year, every term, would that present a problem? We don't believe that it would, because what Congress has done is it has authorized the chief judge of the circuit to determine when the designation of a circuit judge to sit on the district court is warranted by the business of the courts. And so if each year the chief judge of the circuit decides that it's in the public interest to enter such an order, there's nothing in the statute that would prevent that, and it's the government's understanding that that is consistent with the practice in this circuit, that many judges, after they've been elevated to the circuit, have continued to sit pursuant to designation orders, including designation orders that were renewed in order to rule on cases to which they had been assigned when they sat in the district court. And in fact, we do cite a case in our brief, a Fifth Circuit case, that specifically upheld a renewed designation order and said that there was no issue raised by the fact that there had been a new designation order put in place. And so basically what is unprecedented here is the argument that's been presented to us by the appellant in this case. It's an argument that would essentially render it much more difficult to administrate the business of the courts, would require an inefficient reassignment of cases midstream based on nothing that appears in the text of either the statute or the Constitution. I note that in the argument today, the appellant has apparently abandoned their constitutional challenge to Section 291B. That's probably a wise decision, given the clear constitutional authority for Congress to pass that statute. If there's any further questions on that issue, I'd be happy to address them. I take it the limiting principle is that the case originally was assigned to Judge Sullivan as a district judge. That's correct, Your Honor. In terms of Judge Sullivan sitting in this case, that's the way in which this case was originally assigned to him. So the designation orders authorized him to complete his unfinished business, and there's nothing either unusual about that or inconsistent with the statutory text about that. In fact, as we cite in our brief, the original idea of sitting by designation came in 1911, when Congress basically took all of the then-existing circuit judges and took away their original jurisdiction. And then it said, but they can sit by designation to finish all the cases they ordered. When you say the circuit judges, do you mean the judges of the old circuit court? That's correct, Your Honor. So basically there was a statutory reauthorization of those old circuit court judges as circuit court of appeals judges. But Congress understood that it was appropriate to permit them to continue to hear cases that they already had because it would be inefficient to reassign those cases. And what we're dealing with here is a single judge who was elevated to the circuit court. But the underlying rationale of the statutory scheme applies fully here as well. This was completely in line with what Congress had in mind when it authorized these types of designation orders, and there's no reason to disturb that longstanding and settled practice. Why don't you go on to him in the... Yes, Your Honor. So as to the second argument raised on appeal, there was no error in Judge Sullivan's denial of the request to hold a jury trial on the violations of supervised release. As we've just heard, as you, Judge Perez, raised in your questions, circuit precedent forecloses the appellant's arguments as to the violations raised under Section 3583E3. United States v. DOCA expressly held that that statute is not inconsistent with Justice Breyer's decision in the Haymond case, and so that issue is foreclosed by circuit precedent. Now, separately, there was also a violation under Section 3583G for the controlled substances violation. This court has not yet specifically addressed that issue, but eight other circuits have, as we cite in our brief on pages 42 and 43, and all eight circuits to address that issue have held that there's nothing inconsistent with Haymond in the language of Section 3583G, and that's because it does not have any of the three aspects that Justice Breyer held in Haymond in combination worked to render Section 3583K unconstitutional. And in particular, it doesn't apply only to a discrete set of criminal offenses. It doesn't take away the judge's discretion to decide how long the term of imprisonment the violation should result in, and it doesn't impose a five-year mandatory minimum, which were the issues that were flagged by Justice Breyer in his Haymond decision. So for the reasons that every other court should... Hold on one second. This is Judge Cumberland. I have a simple question. I take it's your view that the opinion of Justice Breyer is the controlling authority? That's correct, Your Honor. This court recognized that it was in DOCA when it was addressing Section 3583E3, and we don't see a reason why Justice Breyer's opinion wouldn't also be controlling here as applied to Section 3583K. But even the plurality opinion in the Haymond case expressly set forth in a footnote that it wasn't reaching the question of Section 3583K. So even under the plurality opinion, there's nothing that suggests that it was meant to somehow undermine... I'm sorry, not Section 3583K. Section 3583G, the controlled substances provision. So under both the plurality opinion and Justice Breyer's opinion, there's no indication that this provision is unconstitutional, and that's why every court that's considered the issue has rejected that argument. If there are no further questions, we'll rest on our briefs. Thank you. Thank you. Just to be clear, we have not abandoned our constitutional argument. No, I thought you had. Okay, go ahead. No, Your Honor, Judge Newman's question was, is this statute unconstitutional? And this is the point that we make in both of our briefs. The statute is not unconstitutional. There are many judicial designations that are constitutional. However, for example, the government just said that this court should construe the statute to permit a 40-year designation to a separate court. That would be unconstitutional. So let me change the hypothetical a bit. What if we had a continuing designation for the next 40 years until Judge Sullivan doesn't want to be on the bench, but he actually wasn't taking on matters that he had previously heard as a district court judge? Under your logic, would those be improper? Because Judge Chin, for example, still sits by designation. Occasionally, yes. But a 40-year continuing designation to a separate court would be unconstitutional. Again, we don't have one. I'm trying to test the hypothetical. Yes. No, a 40-year continuing designation would be unconstitutional. And that's the purpose of the explanation. Ma'am, why are we talking about a 40-year designation when this case doesn't involve that? Because the government just said that their interpretation of the statute would permit such a designation, and that's right. Well, maybe they're saying that, and maybe someday there will be a 40-year designation, and you can come back and tell us that that designation is unconstitutional. That's not this case, is it? This case is a six-year designation, and it is unconstitutional. The outer limit has to be... The action of the judge was taken in each of two consecutive years, not 40 years. Well, it was taken between 2020 through 2024, so it's four years. No, the violation was in 2023, wasn't it? But he was actively giving directives in connection with Mr. Bradley's supervision in 2020. But the other point I want to make is that the government said that this original designation started in 1911. The government is just mistaken about the history of designations. I'm sure, Judge Newman, you're probably more knowledgeable about this than I am. We try to go through some of it in a reply brief, but there's a long lineage of designations. There are two constitutional threads here. There's the Appointments Clause that sets a particular manner for appointing important officers, and then there are a family of provisions that allow temporary, short-term, discrete assignments to principal offices when necessary for the public interest. We have things like the Recess Clause appointment, the Vacancies Act, and these designation statutes. They're designed to keep the business of government running for times when the principal appointment process can't be followed. And so as long as the statute is construed to permit that sort of short-term, discrete designation, it is constitutional and helpful. But at the point where it's construed to permit a six-year, 10-year, 40-year designation to a separate principal office, then it would be unconstitutional. And that's why the designation here violates both the statute and the Constitution. Thank you so much. Thank you.  Oh, sorry. Go ahead. I'm lurking out here in the ether. Counsel, help me to understand what the status of this case is. You've discussed this whole matter with your client, right? He's aware that you're pursuing this particular claim? Yes. And what is it that he and you hope to achieve? What would be the decretal language that you would want from us? And then I'll ask you why... Well, why don't you... Let's just address that question. What do you want from us? I mean, Your Honor, we're asking for the order to be vacated and for the case to be remanded to a new district judge, a different district judge, for further proceedings. And how is that helpful to you in the long run? Or I'm trying to understand the representation of a client in these circumstances. What do you hope to achieve by that? Mr. Bradley is still serving his prison sentence, and then he's subject to supervised release after that. Obviously, one of our claims is a request for a jury trial on the most serious on the violations against him. Mr. Bradley maintained his innocence as to those violations. All right. Thank you very much. Thank you. Thank you so much. We'll take this case under revision.